Rel: July 17, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

## CL-2026-0390

_____

**Ex parte Waterville USA, Inc.**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Isabell Norton Altamira**

**v.**

**Waterville USA, Inc.)**

**(Baldwin Circuit Court: CV-25-900772)**

HANSON, Judge.

This mandamus petition arises from a civil action originally brought in February 2025 in the Mobile Circuit Court by Isabell Norton Altamira ("the employee") against Waterville USA, Inc. ("the employer"),

in which she sought compensation payable under the Alabama Workers' Compensation Act ("the Act"), Ala. Code 1975, § 25-5-1 et seq., on the basis of a claimed June 2021 workplace accident and resulting injury to her head, left shoulder, and back. The action was subsequently transferred, on the motion of the employer, to the Baldwin Circuit Court. In its June 2025 answer, the employer, among other things, denied that it was "liable … for medical benefits" under the Act; disputed that the employee had "suffered any permanent injury as a result of the alleged accident"; and averred that any disability on the part of the employee was "not proximately caused by the accident made the basis of the instant action, but by some other prior, intervening or subsequent cause."

In February 2026, during the pendency of the underlying action in the Baldwin Circuit Court, the employee filed a "motion to compel medical treatment," averring that her authorized treating physician had sought to refer her to another physician for "a second opinion consultation" but that the employer had not scheduled any appointment with that other physician; the employee sought an order compelling the employer "to set a consultation appointment" with the other physician. The employer filed an immediate objection to the employee's motion in

which it contended that its previous provision of medical benefits to the employee had been "without admission of liability" and that, as a result, it could not be properly compelled to provide medical treatment without a judicial determination of compensability, pursuant to this court's holding in Ex parte Publix Super Markets, Inc., 963 So. 2d 654 (Ala. Civ. App. 2007); the employer filed a more detailed response in opposition to the employee's motion on April 1, 2026, noting that the treating physician it authorized had placed the employee at maximum medical improvement in March 2023 and again positing that no order compelling further medical treatment would be proper absent proof that the employee's alleged injury "arose out of and in the course of her employment and that the medical treatment suggested is 'reasonable and necessary'" adduced "at a trial on the merits of the case." On April 8, 2026, the Baldwin Circuit Court entered an order summarily granting the employee's motion to compel, and, after the employer had filed a motion seeking reconsideration of that interlocutory order, it entered a subsequent order on May 5, 2026, declining to disturb its April 8, 2026, order granting the employee's motion to compel.

On May 15, 2026, less than 42 days after the entry of the April 8,

2026, order, the employer filed in this court a petition for the writ of mandamus seeking review of that order. That petition was filed within the presumptively reasonable time for seeking such review, see Rule 21(a)(3), Ala. R. App. P., and no contention has been made that the writ of mandamus was not timely sought. This court called for an answer from the employee, which has been filed, and now turns to the merits of the employer's petition.

In Ex parte Publix Super Markets, supra, this court considered a mandamus petition arising out of a civil action in which a grocery-store worker had sought benefits under the Act after purportedly injuring herself while lifting a case of bottled water in the line and scope of her employment; after the grocery-store operator had filed an answer denying the material allegations made in the worker's complaint, the worker filed a "motion to compel medical treatment," which the trial court granted after a hearing at which no evidence was adduced. 963 So. 2d at 656-57. In issuing a writ of mandamus directing the trial court to vacate that order, this court (a) reasoned that, under the Act, "an employer would not be financially responsible for medical and surgical treatment obtained by an employee for conditions unrelated to an

4

accident arising out of and in the course of the employee's employment";

(b) confirmed that no mechanism authorized "a circuit court ... to decide, on a motion of [an] employee filed before a trial and a determination on the merits, that [an] employer is compelled to provide medical or surgical treatment to [that] employee," except on motion for a judgment on the pleadings under Rule 12(c), Ala. R. Civ. P., or a summary-judgment motion under Rule 56(c), Ala. R. Civ. P.; and (c) ruled, based upon the content of the pleadings and the worker's motion, that neither permissible mechanism had been employed in that case. 963 So. 2d at 658-61. We concluded:

> "[I]t appears that the trial court deviated from the procedure established in the Act and the Alabama Rules of Civil Procedure by deciding a disputed issue of coverage based on a motion filed by the [worker] containing only a mere allegation that she had sustained a work-related accident that caused injuries requiring medical and surgical treatment. While the law encourages employers to provide medical benefits voluntarily, see Rule 409, Ala. R. Evid., nothing in the law requires employers to furnish medical benefits to an employee based on the mere allegation that [that] employee requires medical treatment because of a work-related injury. [A worker] bears the burden of proving each and every fact prerequisite to a recovery of medical expenses, including the essential threshold fact that he or she sustained a work-related injury that necessitated the medical or surgical treatment obtained. ... Section 25-5-88, Ala. Code 1975, requires circuit courts to expedite the trial and determination of workers' compensation cases, but the legislature has not

5

endorsed any procedure that would abrogate [a worker's] burden of proof for the sake of expediency."

963 So. 2d at 660-61.

In the intervening 19 years, we have adhered to the principles set forth in Ex parte Publix Super Markets regarding the unavailability of alternate summary procedures with respect to claims of entitlement to medical or surgical benefits under the Act. Nonetheless, the Baldwin Circuit Court, for all that appears from the employer's petition and the employee's answer, held no hearing at which evidence was adduced supporting or refuting "the essential threshold fact that [the employee] sustained a work-related injury that necessitated the medical or surgical treatment obtained," Id. at 661, but summarily directed the employer to grant the relief sought by the employee in her motion, i.e., requiring the employer "to set a consultation appointment with" the "second-opinion" orthopedic practitioner identified by the physician selected by the employer in the prelitigation stage. The employee admits in her answer that the order under review was entered "in the pre-trial litigation phase" and that "there has been no testimony taken and no record other than the pleadings" made. Moreover, as was true in Ex parte Publix Super Markets, we can perceive neither an admission in the employer's answer

6

in this case that might have warranted a partial judgment on the pleadings warranting such relief nor any attempt by the employee in this case to comply with the rules governing summary judgments by submitting a suitable motion containing, among other things, a "'narrative summary of what the [employee] contends to be the undisputed material facts.'" 963 So. 2d at 660 (quoting Rule 56(c)(1)).

In seeking to distinguish this case from Ex parte Publix Super Markets, the employee relies upon the doctrine that an employer may not refuse to honor a referral by an authorized treating physician under the Act, citing Ex parte City of Prattville, 56 So. 3d 684 (Ala. Civ. App. 2010). However, the employee overlooks that the pertinent municipal employer in Ex parte City of Prattville was held to have expressly waived its denial of compensability of the injury to the worker in question in that case; we noted that "[t]he [c]ity did not assert to the trial court that the court could not rule on the [motion to compel medical treatment] because of the dispute as to compensability" even though, under Ex parte Publix Super Markets, the municipal employer could have made that defensive assertion. Ex parte City of Prattville, 56 So. 3d at 689 (emphasis added). If anything, Ex parte City of Prattville provides additional support for

7

the employer's position in this case, i.e., that, notwithstanding its voluntary prejudgment provision of medical care administered at its expense by an authorized treating physician, it cannot be compelled without an evidentiary basis to pay for the "second opinion" sought by the employee pursuant to that treating physician's referral as long as it insists upon its right to a resolution of the compensability dispute "via due process, which ordinarily entails an evidentiary hearing." 56 So. 3d at 689.

The employee also asserts that the employer is estopped to deny authorization for the "second-opinion" consultation; she says that the employer "treated [her claim] as an accepted claim" from the outset and should not be permitted to "defeat[] the overall beneficent purposes" of the Act. Employee's answer at 20-21, 26. However, the claimed conduct relied upon by the employee -- voluntarily providing temporary-total-disability benefits and medical benefits -- is not, both by rule and statute, to be construed as prejudicing the employer's right to contest coverage under the Act. See Rule 409, Ala. R. Evid. ("Evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury"),

8

and Ala. Code 1975, § 25-5-56 ("Moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation" and "shall not be construed as an admission of liability but shall be without prejudice."); see also Ex parte Sunbelt Transp., Inc., 23 So. 3d 1138, 1142 (granting mandamus petition to set aside order compelling medical treatment, noting that, "[a]lthough Sunbelt paid Paul temporary-total-disability benefits under Florida law, Sunbelt has not admitted or conceded that Paul's injury is compensable under the Act"). Further, to the extent that the employee relies upon the statement in the parties' joint status report to the Baldwin Circuit Court to the effect that "[a]rrangements [we]re being made to schedule an appointment for the" employee with the "second-opinion" physician, we perceive no basis upon which this court could conclude that the employer thereby made a binding judicial admission "expressly for the purpose of relieving the employee of proving compensability under Alabama law" so as to obviate the employee's ultimate burden of proof. See Ex parte Sunbelt Transp., Inc., 23 So. 3d at 1145 (Moore, J., concurring specially).

9

Based upon the foregoing facts and authorities, we conclude that the April 8, 2026, order of the Baldwin Circuit Court granting the employee's "motion to compel medical treatment" was entered outside the discretion of that court. We thus grant the employer's petition and direct that that order be vacated.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.